## State v. George K. Goodrich.

An indictment for larceny must state the value of the goods stolen; if it do not it is bad in substance and cannot be amended.

The indictment alleged that the respondent, at, &c., on, &c., "with force and arms, did then and there knowingly and fraudulently convert to his own use, sell and dispose of to one David B. Story, of said Hopkinton, one yoke of oxen, the property of one John C. Tibbetts, of said Hopkinton, which said oxen had been delivered and entrusted to said George K. Goodrich by said John C. Tibbetts for keeping and use, whereby the said George K. Goodrich did commit the crime of larceny ;" &c., &c.

To this indictment the respondent demurred generally.

The solicitor moved for leave to amend the indictment, by inserting after the words "one yoke of oxen," the words "of the value of two hundred dollars."

The indictment may be referred to as part of this case.

*Barnard, Solicitor,* for the State.

I. To conform to the maxim that there can be no larceny of a thing destitute of value, it is usual to allege *some* value, but it is as a matter of *form* only, for the court, in *Locke* v. *The State*, 32 N. H. 106, say that exact accuracy in alleging value is never sought by prosecuting officers, and the *actual* value is *seldom*, if ever, stated.

Again there would seem to be no necessity of alleging value, for, in the case last cited, the court distinctly assert that the *jury* are to be instructed to find the value of the property, &c., (regardless, it would seem, of what the indictment may allege). In fixing such value there need not even be direct evidence, but the value may be inferred from the *general evidence.* Whar. C. L. sec. 1839.

It would seem also from the case before cited, that the finding of the value *by the jury* is to establish the *degree* of the crime, and thus enable the court to pass a legal sentence, &c.

II. If we should admit that the indictment might seem a little more formal, with the words "of the value, &c," inserted, or that their omission was an *error* or *mistake*, then we say the amendment can be allowed to correct it, the case may be rightly understood, and the indictment cannot be quashed. Laws of 1863, chap. 2724.

By the passage of this last named statute the provisions in regard to amendments in civil cases are extended to or govern the proceedings in criminal cases. Hence, we say (following that rule,) the amendment may be allowed at the discretion of the court, both by the statute and common law. "No injustice to any one would result." "It falls within the ordinary tests, &c." 3 Black Com. 407 ; Rev. Stats. chap. 186, sec. 10 ; *Wendell* v. *Mugridge*, 19 N. H. 109 ; 28 N. H. 452 ; 10 Mass. 251.

The allegation of value in the indictment is of so little importance

except as mere form, (according to the decision in 32 N. H. 106, since the *jury* alone are to decide that question, and no judgment can be rendered until they do so decide upon the value, however particular in this respect the indictment may be, and as such value may be so easily fixed upon from the general evidence, Whar. C. L. sec. 1839,) it must appear that there can be no well grounded objection to the amendment.

*I. A. Eastman,* for defendant.

I. The indictment is fatally defective in not fixing a value to the oxen ; the punishment of the offence depending upon the value. Laws of 1849, chap. 849, (Comp. Stat. 551, sec. 25) ; Rev. Stat. chap. 215, secs. 13 and 14, (Comp. Stat. 549, sec. 15) ; *Locke* v. *The State*, 32 N. H. 106.

II. The amendment cannot be granted. The value is material and substantial, and no sentence could be imposed without its being known. The case cannot be rightly understood without it. It would be unconstitutional to grant it.

BELLOWS, J. The indictment ought to state the value of the articles stolen that it may appear whether the offence be grand or petit larceny, and such we believe is the settled practice.

By our statutes, as it is elsewhere, the extent and character of the punishment is made to depend upon the value of the things stolen ; if of twenty dollars value, by confinement in the state prison ; if less, by imprisonment in the common jail, and by fine ; so that the same reason which originally dictated the rule applies in its full force here.

In 2 Ch. Cr. Law *948, it is laid down that the value must be expressed, in order that it may appear on the face of the record whether the offence is grand or petit larceny, and so is 2 East Crown Law 778, citing 2 Hale 183 ; and the same doctrine is found in Wharton's Cr. Law 571, and cases cited.

In *Hope* v. *Commonwealth*, 9 Met. 134, it is held that the indictment must state the value of the articles stolen, and if there be several articles and the aggregate value alone be stated, and the jury find the respondent guilty of stealing only a part of them, the judgment, on error, will be reversed, and the same doctrine is found in *Com.* v. *Smith & al.*, 1 Mass. 245.

Upon these authorities and also upon principle, we think the statement of value is material and matter of substance ; without which the indictment would be bad after verdict, and the judgment would be arrested, or would be reversed on error.

To constitute an indictment for grand larceny it is quite clear that the goods must be alleged to be of the value of twenty dollars, and it would be contrary to all the rules of criminal trials to convict a respondent of a higher crime than is charged in the indictment. It has been held in some jurisdictions, that, in case no value is alleged, the offence charged may be regarded as simple larceny, and a conviction be had according-

ly; *Payne* v. *Barnes*, 5 Barb. S. C. 465; but we think it best to adhere to the well established doctrine in such cases, and require the offence to be distinctly alleged. It may also be suggested, that, in the case of simple larceny, the respondent may be sentenced to pay the owner of the goods stolen, treble the value thereof, which is an additional reason for requiring the character of the offence to be stated.

The remaining question is, whether an amendment of the indictment by a statement of the value of the goods stolen comes within the provisions of the law of July 3, 1863, Pamphlet Laws, ch. 2724.

This provision is copied substantially from the Revised Statutes, ch. 186, sec. 10, applicable to civil cases only, and, as held by our courts, to matters of form alone. *Berry* v. *Osborn*, 28 N. H. 279. By section 11 of the same statute, provision is made for amendments in matter of substance.

The inquiry, then, turns upon the point whether the amendment here is matter of form or substance, and, from what has already been seen, it is quite clear that it is matter of substance, and therefore cannot be amended. The character of the offence, whether grand or simple larceny, depends upon the value of the things stolen, and it is obviously for the grand jury to determine that point. Should the court direct an amendment so as to make it a charge for grand larceny, the respondent would be put upon trial for an offence of which he has not been accused by the grand jury.

With these views the demurrer must be sustained, and there must be

*Judgment for the defendant.*